United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50687
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORACE KEITH HARRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-5-1
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Horace Keith Harris appeals his sentence following his guilty-plea conviction for possession with the intent to distribute cocaine. The district court sentenced Harris to 70 months in prison based on information in the revised presentence report (PSR) that he was responsible for 2,000 Ecstacy pills that an informant testified were in Harris's possession.

Harris argues that the information provided by the testimony of the informant regarding the pills in his possession after

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certain sales was unreliable because it was not shown that these pills were not the same pills subsequently sold to the informant. This court reviews the sentencing court's factual findings for clear error and its "interpretation and application of the Sentencing Guidelines de novo."  United States v. Gonzales, 436 F.3d 560, 584 (5th Cir. 2006).

Although it is true that Harris's revised PSR is based on the testimony of the informant that Harris possessed Ecstacy pills in addition to the ones sold to the informant, Harris has not presented any rebuttal evidence to show that these additional pills were the same pills that were sold to the informant on subsequent occasions.  Absent rebuttal evidence, Harris cannot show that the court's adoption of the drug quantity information was clearly erroneous.  See United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002).

AFFIRMED.